IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal No: 14-I-22 |
| | ) | 2:14-cr-20178-SHM |
| JERRY W. DENNIS, | ) | 18 U.S.C. § 1956(h) |
| Defendant. | ) | |

RECEIVED 2014 JUN 13 AM 10:08

FILED IN OPEN COURT.
DATE: 7/16/14
TIME:
INITIALS:

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Introduction

At all times material to this Information:

1. Jimmy W. Dennis ("Jimmy Dennis") was an active member of the United States Army, and attained the rank of E-8, First Sergeant. Jimmy Dennis was assigned to the Humanitarian Aid Yard ("HA Yard") at Bagram Air Field, Afghanistan, beginning in or about March 2008 as a paying agent. As an Army non-commissioned officer and paying agent in the United States Army, Jimmy Dennis was a public official within the meaning of Title 18, United States Code, Section 201(a)(1). In or about March 2009, Jimmy Dennis left Afghanistan and returned to his home base at Fort Campbell, Kentucky.

2. Defendant Jerry W. Dennis ("Defendant") was Jimmy Dennis' father and lived in Horn Lake, Mississippi.

3. James C. Pittman ("Pittman") owned and operated a landscaping business in Chattanooga, Tennessee, and the bank account for that business was in Chattanooga, Tennessee.

Pittman and Jimmy Dennis knew each other from when both had been stationed at Fort Campbell when Pittman was in the U.S. Army.

## COUNT ONE

From in or about March 2008 to in or about January 2010, Defendant, Jimmy Dennis and Pittman, did knowingly combine, conspire, and agree with each other to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely, to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, approximately $183,415 in cash proceeds from bribery of a public official, to places in the United States, namely Horn Lake, Mississippi, Chattanooga, Tennessee, and elsewhere, from and through a place outside the United States, namely Afghanistan, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, that is, bribery of a public official, and knowing that such transportation, transmission, and transfer were designed in whole or in part to conceal and disguise the nature, location, ownership, and control of the proceeds of specified unlawful activity and to avoid a transaction reporting requirement under state or federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. Jimmy Dennis, while working in Afghanistan with the U.S. Army, would wrongfully obtain large amounts of cash from contractors seeking to do business with the U.S. Army at the HA Yard, in return for his official acts with the U.S. Army at the HA Yard.

2. On two occasions, Jimmy Dennis would ship from Afghanistan containers with the cash he had received from the contractors to Defendant in the United States – approximately $180,000 -- with the understanding that Defendant would use the money to pay off debts of Jimmy Dennis, and that Defendant would do so in amounts small enough to avoid currency transaction reporting requirements.

3. On numerous occasions, Jimmy Dennis would ship from Afghanistan containers with cash he had received from the contractors to Pittman in the United States – approximately $70,000 – with the understanding that Pittman would pass the cash through his landscaping business and return most of it to Jimmy Dennis as "legitimate" income from that business, which Pittman did in the form of "salary" checks from the company bank account to Jimmy Dennis and Defendant, after Pittman made deposits of that cash into those accounts in amounts small enough to avoid transaction reporting requirements.

4. At the direction of Jimmy Dennis, Defendant would provide Pittman approximately $20,000 he received in cash shipped from Jimmy Dennis in Afghanistan which Pittman passed through his landscaping business and most of which Pittman returned to Jimmy Dennis and Defendant in the form of "salary" checks from the company bank account.

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF FORFEITURE

1. The violation alleged in Count One of this Information is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of the offense alleged in Count One of this Information, the defendant in this Information, Jerry W. Dennis, shall forfeit to the United States all property, real

or personal, involved in the conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and all property traceable to such property, including, but not limited to:

   a. $101,764 in U.S. Currency, which represents a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense of conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h); and
   b. One (1) 2009 Harley Davidson motorcycle, VIN#1HD1MAM139Y851224, with All Appurtenances and Attachments Thereon.

3. If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to seek the forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), all in violation of Title 18, United States Code, Sections 982 and 1956.

Dated: June 13, 2014

EDWARD L. STANTON III
UNITED STATES ATTORNEY